UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20849

ALEXIS GARCIA HERNANDEZ,

    Plaintiff,

vs.

G.C. INSTALLATIONS INC. SOUTH and
ANTHONY N. HAJJAR,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Alexis Garcia Hernandez, sues Defendants, G.C. Installations Inc. South and Anthony N. Hajjar, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Alexis Garcia Hernandez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants and consents to participate in this lawsuit.

3. **Defendant, G.C. Installations Inc. South**, is a Florida for-profit corporation that conducted its for-profit business in Miami-Dade County, Florida, and it is *sui juris* at all times material.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

4. **Defendant, Anthony N. Hajjar**, was and is a officer and director of the corporate Defendant at all times material, ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants were Plaintiff's employers and joint employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, performed work in this District, employed the Plaintiff in this District, were responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida, and because most of the actions complained of occurring within this District.

*Background Facts*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce in the course of their construction, renovation, and remodeling of real property, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Defendants have been at all times material engaged in interstate commerce in the course of their performance of porter services for Land Rover South Dade, which included transportation of luxury sports utility vehicles (manufactured outside of the State of Florida) from one Land Rover dealership to another that are destined for sale/lease to consumers, the transportation of luxury sports utility vehicles (manufactured outside of the State of Florida) within the Land Rover South Dade Dealership, and related services which, traditionally, cannot

2

be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce prior.

10. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, utilize one or more vehicles, equipment, and machinery manufactured/assembled outside of the State of Florida, regularly and recurrently use telephonic transmissions and transmitted electronic information through computers, the internet, and via email for their business, all of which traveled from outside of the State of Florida prior to Defendants' use/purchase of same in the course of conducting Defendants' business.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. In particular, Defendants owns and operate a company that performs porter (or vehicle relocation) services for the Land Rover dealership(s) here in South Florida.

13. Plaintiff worked for Defendants from approximately August 2015 to February 17, 2017.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, his pay, and deductions from his pay, such records are in the exclusive custody of Defendants.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his performing porter services while driving/relocating vehicles that were manufactured/assembled outside of the State of Florida that were placed within the stream of commerce and he moved and/or relocated from one dealership location and/or lot to another location for ultimate sale to the consumer.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

16. Defendants paid Plaintiff at the rate of $11.00 per hour.

17. Defendants required that Plaintiff commence working at 7:30 a.m.

18. Defendants then would cease paying Plaintiff at 4:00 p.m., or the time that he left the jobsite(s) they designated, even though Plaintiff would have to then return from the jobsite(s) which were located up to almost 2 hours away, and then continue working after he returned to their principal place of business.

19. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

21. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

### COUNT I – FLSA OVERTIME VIOLATION

Plaintiff, Alexis Garcia Hernandez, reincorporates and re-alleges all preceding paragraphs as though set forth full herein and further alleges as follows:

22. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for each of the hours he worked over 40 hours in a workweek.

23. Defendants engaged in a practice of rounding his time worked that deprived Plaintiff of overtime pay for the hours over 40 (or portions thereof) that he actually worked in violation of 29 C.F.R. §785.48(b).

24. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

4

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

26. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alexis Garcia Hernandez, demands the entry of a judgment in his favor and against Defendants, G.C. Installations Inc. South and Anthony N. Hajjar, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest if the Court does not award liquidated damages,

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    f. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA RETALIATION

Plaintiff, Alexis Garcia Hernandez, reincorporates and re-alleges paragraphs 1 through 21 as as though set forth full herein and further alleges as follows:

27. Plaintiff had an exemplar employment history with Defendants.

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

28. Plaintiff complained to Defendants about their failure to timely pay him overtime wages and about their failure to compensate him for all hours worked.

29. Defendants ultimately paid Plaintiff for part of the overtime wages that he earned, but then fired him a short while after they started to pay him overtime wages.

30. Plaintiff suffered the loss of his job, his income, his identity, and suffered emotionally losses as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff, Alexis Garcia Hernandez, demands the entry of a judgment against Defendants, B.C. Installations Inc. South and Anthony N. Hajjar, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

    c That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

    d. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    e. That Plaintiff recover all interest allowed by law; and

    e. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434
### (Against G.C. Installations Inc. South)

Plaintiff, Alexis Garcia Hernandez, reincorporates and re-alleges paragraphs 1 through 21 as as though set forth full herein and further alleges as follows:

31. Defendant, G.C. Installations Inc. South, at all times material (mis)classified and paid Plaintiff as an independent contractor.

32. Defendant, G.C. Installations Inc. South, required of Plaintiff:

   a. To arrive at the designated work location;

   b. To document the time he arrived for work;

   c. To move the vehicles it designated to/from the locations it designated; and

   d. To move the vehicles Land Rover South Dade / Warren Henry designated to/from the designated locations.

33. To perform his work:

   a. Plaintiff did not need to invest any time or money;

   b. Plaintiff had no opportunity for profit or loss based on his ingenuity;

   c. Plaintiff did not have any specialized training or skills;

   d. Plaintiff did establish a corporation to work or receive payments;

   e. Plaintiff did not have any subordinate workers whom he hired/retained/contracted to perform the work designated by Defendant.

34. Defendant, G.C. Installations Inc. South, had an obligation to provide correct information returns to the IRS and to Plaintiff.

35. Defendant, G.C. Installations Inc. South, served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2015 and 2016 calendar years by

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

misclassifying Plaintiff as an independent contractor for the commissions it paid to him, when he clearly was an "employee" while working for this Defendant, and by then failing to properly identify him as an employee in the issuance of a W-2 for him, and by not paying the required employment taxes on her behalf for the commissions it paid to her in calendar years 2015 and/or 2016.

36. Defendant, G.C. Installations Inc. South, served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the third and fourth quarters of 2015, and for all four quarters of 2016 by misclassifying Plaintiff as an independent contractor and then failing to properly pay the required employment taxes on her behalf for all wages (including commissions) paid to her in 2015 and 2016.

37. Defendant, G.C. Installations Inc. South, provided paychecks to Plaintiff and is directly responsible for the issuance of paychecks to him, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of its annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

38. Plaintiff suffered damages as a result of Defendant's willful provision of false information returns, including the overpayment of taxes as a independent contractor, the failure to receive the require contribution to his taxes by his employer, the lack of a contribution to social security for 2015-2016 for the wages he earned, and the like, as a result of Defendant's intentional and willful acts as described above.

39. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for

8

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Alexis Garcia Hernandez, demands the entry of a judgment in her favor and against Defendant, G.C. Installations Inc. South, after trial by jury and as follows:

   a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

   c. That Plaintiff recover all interest allowed by law; and

   d. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 6th day of March, 2017.

                                                      Respectfully Submitted,

                                                      FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

10

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*